IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
|    Plaintiff/Respondent, | § | |
| | § | |
| V. | § | CR. No. C-04-685 |
| | § | C.A. No. C-06-570 |
| JOSE MARTIN SANDOVAL-ESPINO, | § | |
| | § | |
|    Defendant/Movant. | § | |

## MEMORANDUM OPINION AND ORDER
## DENYING MOTIONS FOR RECONSIDERATION

Pending before the Court is Jose Martin Sandoval-Espino's ("Sandoval") motion for reconsideration.[1] (DE. 51.)[2] In his motion, he argues that the Court erroneously denied his 28 U.S.C. § 2255 motion because it was time-barred, and cites to cases such as Clay v. United States, 537 U.S. 522 (2003) to show his motion was timely filed.

Sandoval had previously filed *two* motions pursuant to 28 U.S.C. § 2255 and the Court denied both, but for different reasons. (D.E. 47, 48.) It is unclear from Sandoval's motion for reconsideration which denial he is challenging. On the one hand, his motion quotes from a portion of the Court's order denying his first § 2255 motion. (D.E. 51 at 1, 1st paragraph.) On the other hand, he attaches portions of *both* denial orders to his motion to reconsider. Irrespective of which

---

[1] Sandoval titled his document as "Defendant's Supplemental Authority," but in it he argues that the Court erred in its resolution of his motion pursuant to 28 U.S.C. § 2255. The Clerk has correctly docketed it as a motion for reconsideration.

[2] All docket entry references are to the criminal case.

order he is asking the Court to reconsider, however, his motion for reconsideration has no merit and is DENIED.

## I. PROCEDURAL BACKGROUND

Sandoval's first § 2255 motion (D.E. 37) was deemed filed as of June 20, 2006. (D.E. 48 at 3 & n.3.) In denying his first motion, the Court disagreed with the government's contention that Sandoval's motion was time-barred and found it to be timely. The Court nonetheless denied his claims on their merits. (D.E. 48.)

Sandoval's second § 2255 motion (D.E. 42) was deemed filed as of February 26, 2007. (D.E. 47 at 3 & n.3.) The Court denied this second motion on the grounds that the new claims therein (i.e., those claims not also raised in his first motion) constituted a second or successive motion that Sandoval had not received permission to file. (D.E. 47 at 3.) The Court also denied his second § 2255 motion on the grounds that it was barred by the applicable statute of limitations. (D.E. 47 at 3-5.)

Final judgment denying Sandoval's second § 2255 motion was entered on May 30, 2007. Final judgment denying his first § 2255 motion was entered on May 31, 2007. Sandoval has not yet appealed.

## II. ANALYSIS

A.   **Characterization of Motion for Reconsideration**

Sandoval does not identify any rule pursuant to which he challenges the Court's prior order. His motion was dated June 21, 2007, however, and was thus filed more than ten days after entry of either judgment. Accordingly, Rule 59 of the Federal Rules of Civil Procedure cannot be used as the basis for his motion. Fletcher v. Apfel, 210 F.3d 510, 511 (5th Cir. 2000); Bass v. Department

of Agriculture, 211 F.3d 959, 962 (5th Cir. 2000). Therefore, the Court construes Sandoval's motion as one brought under Rule 60(b), Fed. R. Civ. P.

**B.      Rule 60(b) Standards**

On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect, (2) newly discovered evidence, (3) misconduct of adverse party, (4) void judgment, (5) judgment satisfied, or (6) any other reason justifying relief from the operation of the judgment. Fed. R. Civ. P. 60(b). Motions under Rule 60(b) are directed to the sound discretion of the district court. Crutcher v. Aetna Life Ins. Co., 746 F.2d 1076, 1082 (5th Cir. 1984).

**C.      Analysis of Sandoval's Motion**

Sandoval's motion for reconsideration does not allege any facts that entitle him to relief under any of the grounds listed in Rule 60(b). Rather, he simply argues that the Court incorrectly applied the rule of Clay and that his § 2255 motions were both timely. As to Sandoval's first § 2255 motion, the Court specifically held that it was timely. Thus, to the extent Sandoval is challenging the denial of his first motion, his motion for reconsideration is based on a misunderstanding of the Court's ruling,[3] and is also wholly unnecessary.

To the extent that he is challenging the denial of his second § 2255 motion as time-barred, Sandoval has not presented any reason, nor any ground under Rule 60, why the Court's ruling was

---

[3] The Court presumes that Sandoval misunderstood its ruling. He paraphrases from the Court's order saying that his § 2255 motion "is denied insofar as it seeks dismissal of Sandoval's motion on the grounds that it is time-barred." (D.E. 51 at 1.) In fact, the foregoing quotation refers not to the denial of Sandoval's § 2255 motion, but to the denial of the ***government's motion to dismiss*** his § 2255 motion. (See D.E. 48 at 11.) The rest of the Court's order makes this clear as well. (See, e.g., D.E. 48 at 5-6 ("Sandoval's motion is timely, and the government's motion to dismiss his motion as time-barred is DENIED.").)

3

incorrect. His second motion was dated and deemed filed as of February 26, 2007 (D.E. 47 at 3 & n.3.) Applying Clay, Sandoval was required to file his § 2255 motion not later than June 20, 2006, which he clearly did not do. (D.E. 47 at 3-4.) Sandoval has presented nothing to the Court in his motion for reconsideration that indicates his second § 2255 motion should be deemed timely. Accordingly, his motion to reconsider (D.E. 51) is DENIED.

### III. CONCLUSION

For the foregoing reasons, Sandoval's motion to reconsider (D.E. 51) is DENIED.

It is so ORDERED.

Signed this 23rd day of July, 2007.

_____
JOHN D. RAINEY
UNITED STATES DISTRICT JUDGE